BOYCE F. MARTIN, JR., Circuit Judge,
dissenting.
I disagree with the majority’s interpretation of the inevitable discovery doctrine, and therefore respectfully dissent.
I.
The Supreme Court has stated that inevitable discovery is “an extrapolation from the independent source doctrine: Since the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered.” Murray v. United States, 487 U.S. 533, 539, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). The Court’s seminal inevitable discovery case was Nix v. Williams, in which police obtained a statement from the defendant in violation of his Sixth Amendment rights that led to the discovery of the body of his murder victim. 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The Court reversed a grant of habeas to the defendant based on the use of evidence regarding the body at trial, finding that the exclusionary rule should not bar admission of evidence related to the body. Id. at 449-50, 104 S.Ct. 2501. The Court held that the “inevitable discovery” exception to the exclusionary rule applied because a search party, conducted entirely independently of the police interrogation of the defendant, was in the area of the body and would have discovered it even without the defendant’s statement. Id. See also Murray, 487 U.S. at 542, 108 S.Ct. 2529 (holding that the related independent source rule could potentially apply on remand despite illegal police entry into a warehouse containing marijuana where police had legitimately gained probable cause prior to entry and separately obtained a warrant for entry if “the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence”).
This court has articulated that the inevitable discovery doctrine may apply in situations where there is either an independent, untainted investigation as in Nix, see United States v. Dice, 200 F.3d 978, 986 (6th Cir.2000); United States v. Haddix, 239 F.3d 766, 769 (6th Cir.2001), or where there exist “other compelling facts establishing that the disputed evidence inevitably would have been discovered,” United *65 States v. Keszthelyi, 308 F.3d 557, 574 (6th Cir.2002); United States v. Leake, 95 F.3d 409, 412 (6th Cir.1996); United States v. Johnson, 22 F.3d 674, 684 (6th Cir.1994). The “other compelling facts” inquiry is not entirely open-ended, however. The most common scenario in which other compelling facts would justify inevitable discovery is where the government can show that “routine procedures that police would have used regardless of the illegal search would have resulted in the discovery of the disputed evidence.” Keszthelyi, 308 F.3d at 574. For example, where a law enforcement policy calls for the seizure and inventory of a lost suitcase or an impounded car, such a policy — if legal — can be used to demonstrate that the evidence would inevitably have been discovered. United States v. Kennedy, 61 F.3d 494, 499 (6th Cir.1995) (lost suitcase); Johnson, 22 F.3d at 674 (discussing in dicta an inventory search of an impounded car).
In this case, the government does not attempt to make any showing of either an independent, untainted investigation or of a routine police procedure that would have led to the discovery of the crack cocaine. Instead it argues simply that the police could have obtained a warrant, if they had attempted to do so, once Bowden revoked his consent and they no longer had lawful authority for the search. Whatever confusion might be raised by the “other compelling facts” inquiry of inevitable discovery, the argument that police could have obtained a warrant but simply chose not to is one that has been rejected by this court in no uncertain terms. For example in Haddix, we held as follows:
[Tjhe United States urges us to interpret the inevitable discovery doctrine to admit evidence when the police could have obtained a warrant but did not do so — that is, whenever probable cause would have existed had a magistrate considered the question in advance of the search, regardless of whether a magistrate in fact did. Under such a theory, evidence that would constitute probable cause for a warrant, even when that evidence’s existence is unknown to the police, is inherently destined to be “inevitably discovered.” Let it be absolutely clear: this is untenable. As we have noted before, this position of the United States would “completely obviate the warrant requirement” and would constitute, to say the least, a “radical departure from the Fourth Amendment warrant requirement precedent.”
Haddix, 239 F.3d 766, 768 (6th Cir.2001) (quoting Johnson, 22 F.3d at 683-84); see also United States v. Buchanan, 904 F.2d 349, 357 (6th Cir.1990) (“[P]olice who believe they have probable cause to search cannot enter a home without a warrant merely because they plan subsequently to get one. Any other view would tend in actual practice to emasculate the search warrant requirement of the Fourth Amendment.”).
The cases that discuss this issue speak in terms of an initial illegal entry, in contrast to the situation here where the entry into the home was initially justified by the consent of an occupant, with subsequent revocation of the consent rendering the ongoing search and police presence in the home unlawful. There is no meaningful distinction between police entering a home unlawfully and police unlawfully overstaying their welcome in this context. Of course any evidence discovered during the consensual search would not be excluded. Even if such evidence itself gave rise to probable cause, however, the existence of probable cause on its own is insufficient to continue the search merely because police could obtain a warrant yet choose not to do so under this Court’s clear precedent. Absent specific exceptions not present here, the Fourth Amendment requires a *66 search warrant, not probable cause coupled with the mere intent to get a search warrant. The majority’s holding today renders the Fourth Amendment’s warrant requirement toothless, and allows police to completely circumvent constitutionally guaranteed protections against unreasonable searches and seizures by after-the-fact justifications.
Accordingly, I would hold that the inevitable discovery doctrine should not apply and I would reverse Bowden’s conviction based on the district court’s erroneous denial of his motion to suppress.